IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM ISAAC TUBBS,           )<br>                                                  )<br>           Petitioner,            )<br>                                                  )<br>     v.                                          )<br>                                                  )<br>                                                  )<br>JAMES A. YATES,                     )<br>                                                  )<br>           Respondent.          )<br>_____ ) | CV F 06-0204 OWW WMW HC<br><br>**ORDER DENYING MOTION FOR ABEYANCE OR STAY** [Doc. 13]<br><br>**ORDER GRANTING MOTION TO DISMISS** [Doc. 16]<br><br>**ORDER DISMISSING PETITION AS UNAUTHORIZED SECOND OR SUCCESSIVE PETITION** |

      Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. The petition challenges Petitioner's April 1, 1997 convictions.

      On February 27, 2007, Petitioner filed a motion for a stay or abeyance of this case, stating that he currently has a writ pending in the California Supreme Court which raises an issue concerning an alleged breach of a March 23, 1979 plea bargain agreement. Petitioner

claims that it is necessary for him to bring this claim in a single petition along with the issue raised here.

On May 16, 2007, Respondent filed a motion to dismiss the present petition on the ground that it is an unauthorized second or successive petition. Respondent correctly states that prior to filing the present petition, Petitioner filed in this court a petition challenging the same convictions and sentence. In that case, Tubbs v. Ayers, 1:99-CV-05155 AWI HGB, judgment was entered on November 17, 1999, denying the petition on the merits. In addition, the court finds that Petitioner filed another habeas corpus petition in this court challenging the same convictions. That petition was dismissed as an authorized second or successive petition by order entered March 13, 2000. Tubbs v. Ayers, 1:99-CV-6125 AWI DLB P.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless a court of appeals may grant such an order only upon a showing that:

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>   (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

The court finds that the present petition is an unauthorized second or successive petition challenging the same convictions which Petitioner has challenged twice before through federal habeas corpus petitions. Accordingly, it must be dismissed.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Petitioner's motion for a stay of this petition is DENIED as moot;

2) Respondent's motion to dismiss is GRANTED;

3) The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to refile the petition should he obtain proper authorization from the Court of Appeals;

4) The Clerk of the Court is directed to enter judgment for Respondent and to close this case. IT IS SO ORDERED.

Dated:   **June 5, 2007**              **/s/ Oliver W. Wanger**
                                       UNITED STATES DISTRICT JUDGE